IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA

v.   Criminal No.: 2:10cr15

ANDYSHEH AYATOLLAHI

## POSITION OF THE DEFENDANT, ANDYSHEH AYATOLLAHI WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, Andysheh Ayatollahi, by counsel and states as follows for his position on sentencing.

The Defendant and counsel have reviewed the pre-sentence report and each objection to the report is set forth below:

I.  The Defendant objects to the 2 point enhancement for sophisticated means under § 2B1.1.

There have been 12 other individuals who plead guilty to various offenses related to the same scheme and conduct that the Defendant was involved in. (PSR paragraphs 6-17). None of these individuals received an enhancement for sophisticated means. The Defendant was not a licensed owner operator of the car dealership and purchased his interest in the business in July 2007, approximately six months prior to a state search warrant being served on the business. The conduct in this case occurred approximately 7-8 years ago and if the conduct that comprised the conspiracy was not deemed to be sophisticated for any other

participant, it should not be so for this Defendant. His role in this conduct was mainly to approve and turn a blind eye to the false documentation that was prepared and submitted by others. The Court should also note that this conduct was occurring prior to the Defendant being part owner of the business and he was not the person who set up or master-minded the scheme. The scheme was simplistic and garden-variety fraud. There was no elaborate planning and the conduct consisted mostly of creating false loan paperwork and making phone calls to provide inaccurate information to the lender. The guidelines restrict the application of this enhancement to the Defendant's own conduct based on the amendments that went into effect on November 1, 2015 and even under the old standard which was less restrictive, the enhancement should not apply. None of the conduct by any Defendant in this case was found to be sophisticated to a level that would justify an enhancement.

  II. The Defendant objects to a 4 point enhancement for role in the offense under USSG 3B1.1.

The Defendant contends that a 4 point enhancement for role in the offense does not reflect the Defendant's conduct and should not be applied. The Defendant participated in the scheme but was not anymore culpable than the average participant.

A role enhancement has to be based on the Defendant's relevant conduct and the November 1, 2015 amendments to the guidelines substantially restricted the scope of relevant conduct particularly in instances of offenses that involve

multiple individuals. The fact that a defendant plays an important role in criminal conduct and even supervises others in non-criminal conduct is not sufficient to justify the enhancement. A leader is one who controls others while an organizer is one who coordinates others activities. The statement of facts and other information found by the probation officer clearly does not justify a 4 point enhancement. It is a closer question whether a 3 point enhancement is proper but the defense contends that in reality, the Defendant was a mere participant and was not the person who had a dealer's license like co-defendant, Reza Azizkhani. He did not steal anyone's identity and did not destroy any evidence or tamper with witnesses. The defense contends that the 4 point enhancement overstates the Defendant's involvement and should not be applied.

> III. The Defendant's criminal history category of III substantially overstates the seriousness of his past conduct under USSG 4A1.3B.

The Defendant's criminal history category is a III based on the fact that within a one month period in 2008, he had 2 misdemeanor convictions for conduct related to problems with substance abuse, one of which was ultimately dismissed (PSR paragraphs 55 and 56). In both of these instances he fully complied with the requirements of the Court, successfully completing all periods of probation, counseling, and substance abuse classes. The Court in both cases did not deem his conduct to be serious enough to impose even a single day of active jail time. These two instances of poor judgment have the effect of increasing the Defendant's advisory sentencing guidelines by up to 27 months, which is more than

double the maximum sentence prescribed by law for possession of marijuana (30 days) and DUI (12 months). The defense contends that the Defendant's prior conduct is not of a nature that would justify treating him as a category III for guideline purposes and that he should be treated as a category I or at worse a category II.

> IV: The Defendant should receive a variant sentence and the Court should avoid unwarranted sentence disparities.

The Maximum sentence imposed on any of the other individuals in this case was 36 months which was imposed on two individuals who committed fraud and aggravated identify theft (PSR paragraphs 8 and 10). The current advisory guideline range for the Defendant encompasses a sentence that is more than twice the highest sentence imposed in this case. Many of the individuals received sentences of one year or less or probation. The Defendant is an individual who pled guilty, agreed to cooperate, and has fully accepted responsibility for his conduct. His entire involvement in the conspiracy lasted less than one year. Unlike others involved in the case, he did not shred documents or destroy evidence and agreed to an interview with police without the benefit of an attorney. At the interview in the spring of 2008, he admitted to his conduct and the conduct of others. The Defendant left the United States to live in his native country of Iran but returned voluntarily. He was not under indictment when he left. The Defendant was fully aware of the fact that he was under investigation and the United States did not deem his conduct so serious as to require a sentence that is called for by

the current guidelines at the time the investigation began (exhibit 1). The defense contends that a sentence in the range of those received by the other participants in this case is sufficient but not greater than necessary and will meet all the factors set forth in 18 U.S.C. § 3553. There is nothing about the facts of the case, the Defendant's characteristics and background, or his criminal history that would justify imposing on him a sentence that is twice that of those received by other Defendants.

The defense will present letters and arguments at the at the hearing in support of its request for a sentence below the advisory guideline range.

Respectfully Submitted,

ANDYSHEH AYATOLLAHI

By: _____/s/_____
Lawrence H. Woodward, Jr., Esq.
Virginia State Bar No.: 21756
Attorney for Andysheh Ayatollahi
SHUTTLEWORTH, RULOFF, SWAIN
HADDAD & MORECOCK, P.C.
317 30th Street
Virginia Beach, Virginia 23451
Phone: (757) 671-6000
Fax: (757) 671-6004
E-mail: lwoodward@srgslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of July, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following ECF users:

    Alan M. Salsbury, Esq.
    Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    101 West main Street, Suite 8000
    Norfolk, Virginia 23510
    Phone: (757) 441-6331
    Fax: (757) 441-6689
    Email: alan.salsbury@usdoj.gov

And, I hereby certify that I have electronically emailed the document to the following non-filing user:

    Jeffrey Noll
    United States Probation Officer
    600 Granby Street, Suite 200
    Norfolk, VA 23510
    Jeffrey_Noll@vaep.uscourts.gov

    By:     /s/
    Lawrence H. Woodward, Jr., Esq.
    Virginia State Bar No.: 21756
    Attorney for Andysheh Ayatollahi
    SHUTTLEWORTH, RULOFF, SWAIN
    HADDAD & MORECOCK, P.C.
    317 30th Street
    Virginia Beach, Virginia 23451
    Phone: (757) 671-6000
    Fax: (757) 671-6004
    E-mail: lwoodward@srgslaw.com